774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
George Makriannis, Defendant-Appellant.
 No. 85-1080
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 E.D.Mich.
 REVERSED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and JONES, Circuit Judges; BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 This is a direct appeal from defendant's jury conviction for maliciously damaging property in violation of 18 U.S.C. Sec. 844(i) and for using the United States mail to defraud an insurer in violation of 18 U.S.C. Sec. 1314. Defendant was convicted of having burned his financially troubled restaurant to obtain the insurance proceeds. He argues on appeal that there is insufficient evidence to sustain his conviction and that the District Court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29(a). We agree.
 
 
 2
 Defendant was one-half owner and manager of a restaurant that burned on January 1, 1983, at approximately 3:30 in the morning in Saginaw, Michigan. The corporation through which the defendant owned the restaurant had filed Chapter 11 bankruptcy proceedings the previous August. The insurance policy provided $450,000 coverage on the building and $200,000 on the contents. Defendant had reduced the insurance coverage prior to the fire.
 
 
 3
 On the evening of the fire, defendant and his employees left the building at 3:20 a.m. Defendant locked the restaurant and activated the security alarm system. He was one of at least three people with a key to the building: co-owner Vlahon and chef Gus Makriannis had keys as well. There was testimony that previous owners also had keys to the front door.
 
 
 4
 Defendant was invited to go to breakfast with his employees, but he declined. The employees went to a nearby Howard Johnson's, and defendant went home. The evidence conclusively established his presence at home during this time.
 
 
 5
 The employees stayed at Howard Johnson's for about 30 to 40 minutes. Upon driving past defendant's restaurant after their breakfast, they saw smoke billowing out of the building. One of the employees ran back to Howard Johnson's to call defendant, who told her to notify the fire department. When the fireman arrived at the fire, the building was locked and the alarm was not activated. There was no sign of forced entry.
 
 
 6
 An investigation revealed traces of liquid gasoline and a burn pattern on the first floor of the restaurant. Investigators found that a plug had been removed from a one and one-half inch natural gas pipe in the basement. There was a footprint on a table directly underneath where the plug had been removed from the pipe. The theory of the government's case was that defendant had opened the natural gas line and then set the fire. The flames and an effective gas leak would have virtually ensured total destruction of the building. Based on circumstantial evidence, the government attempted to prove motive, opportunity, and guilty knowledge on defendant's part.
 
 
 7
 The evidence clearly establishes arson. The evidence is not sufficient, however, to prove beyond a reasonable doubt that it was Makriannis who committed the arson. We find, at best, that the government's case presented evidence sufficient to support equally persuasive inference of both guilt and innocence. This equipoise cannot sustain a criminal conviction. United States v. Leon, 534 F.2d 667, 677 (6th Cir. 1976).
 
 
 8
 There is sufficient evidence in the record to support the conclusion that defendant had both motive and opportunity to commit the arson. The government argues that it also established defendant's guilty knowledge of the arson beyond a reasonable doubt. The record does not support the government's contention in this regard.
 
 
 9
 To support its guilty knowledge theory, the government relies heavily on remarks allegedly made by the defendant to two volunteer firefighters concerning the presence of a gas leak. The firefighters testified that defendant had asked at the fire whether a gas leak had been found. The government argues that this question shows defendant's guilty knowledge of a potential gas leak from the pipe with the removed plug; this is knowledge that only the arsonist would possess.
 
 
 10
 The testimony on both the content of the remarks and on the identity of the man who made them is ambiguous. Even assuming that defendant made the remarks, however, we find that no reasonable inferences drawn from the remarks sufficiently establish defendant's knowledge of the arson beyond a reasonable doubt. An inquiry concerning a gas leak by the property owner at the scene of a commercial fire is simply too ambiguous to support an inference of clear knowledge of arson. Normal concerns about gas explosion can motivate numerous kinds of questions concerning potential gas leaks from those witnessing a fire, particularly property owners. Standing alone, the remark proves nothing.
 
 
 11
 It is true that there are suspicious circumstances. The government's burden, however, is to prove guilt beyond a reasonable doubt. The government offered no fingerprint identification, no toolmark identification, and no identification of the footprint on the table beneath the gas pipe. The government offered no definitive proof of an actual gas leak.[1] At trial, counsel for the government agreed that a reasonable person could conclude that someone besides defendant set the fire.
 
 
 12
 That the government's case is based solely on circumstantial evidence does not compel the reversal here. See 1A J. Wigmore, Evidence Sec. 26 (Tillers rev. 1983). But when the circumstantial evidence establishes simply an even choice between reasonable inferences of fact, that evidence is insufficient to sustain a conviction. United States v. Leon, 534 F.2d 667, 672 (6th Cir. 1967). See United States v. Turner, 490 F. Supp. 583 (E.D. Mich. 1979).
 
 
 13
 We hold that this is such a case. We, therefore, reverse defendant's jury conviction.
 
 
 
 [1]
 At the close of the government's case, the only evidence concerning the actual presence of a gas leak was from firefighter Duby, who testified that an instrument referred to as a 'gas sniffer' registered the presence of natural gas. These instruments were established conclusively to be extremely unreliable for use in pinpointing the presence of natural gas